Christine Davis, widow of Frank Whitfield

versus

City of New Orleans.

-----

By Dinkelspiel; J.

By Dinkelspiel; J.

Plaintiff as the widow of the deceased has brought this suit under Act No. 20, page 44 of 1914, known as the Employers Liability Act, for injuries received by her late husband, Frank Whitfield, while in the employ of the defendant Company as a laborer.

The answer sets up, admitting plaintiff had been a laborer working for the defendant Company but that he had abandoned his work and involuntarily exposed himself to the dangerous hazard which was outside of the scope of his employment and which takes the case out of the protection of the Employers Liability Act and is a bar to the right of the widow to recover damages and further defendant denies that plaintiff received his injuries while performing services arising out of an incidental to his employment in the course of his employers' trade, business or occupation but on the contrary avers that the deceased was engaged in some mission which was entirely foreign to his employment and not contemplated or expected by his employers.

A careful examination of this record discloses the fact that plaintiff was a laborer engaged actively on the works laying rails, taking up old and putting down new rails for defendant company and that during the course of his employment and whilst thus engaged at the time specified in the petition, October 5th, 1918, he was run over by an engine of the Illinois Central Railroad, running on a track next adjoining the track of the Public Belt Railroad upon which plaintiff had been working and from which he had stopped temporarily to seek shelter on said adjoining tack, under a box car in order to shield himself from a sudden and short rain squall, and alleging further that plaintiff was run over, and although taken to the Charity Hospital, where his legs had to be amputated, he died the same evening as the result of said injury. That he was married to plaintiff, having no children, who was dependent upon him for her support; that he was earning Sixteen

92

and 80/100 Dollars a week and plaintiff, widow of the deceased was entitled under the law to twenty five per cent of that amount.

The Act No. 20 is full and complete in itself; prescribes the liability of an employer to make compensation for injuries received by an employee in performing services arising out of and incidental to his employment, in the course of his employer's trade, business or occupation, abolishing defenses of assumption of risk, contributory negligence and negligence of a fellow servant, in actions of personal injury and death and in Section 8 (ē) fixes definitely compensations thereunder.

This act was amended and reaffirmed by the Legislature of 1918 but so far as this suit is concerned does not in anywise affect this case.

All the facts of this case to our minds have been proven beyond reasonable doubt and the only question for interpretation which presents itself in this record is whether or not, leaving his work during a rainstorm, temporarily and for about only twenty minutes and seeking shelter under and within a box car of another railroad, he was actually engaged in the service of defendant company.

We have been called upon in our own Court to pass on a similar question; in the case of Carter Packing Co. vs. Mrs. Elizabeth Reinhardt, 13 Court of Appeal Rep. page 463, it was held "where the accident is the main cause of death, it is immaterial under the Act whether or not the employee be or be not peculiarly subject to have such accident befall him or to suffer therefrom more than another differently situated; the sole question being whether the accident was the immediate cause of the injury."

Also see Myers against the La. Ry. & Navigation Co. 140 La. at p. 937, citing numerous authorities, pro and con, but the Court finally held the company liable.

Also see Arthur vs. Alexandria Lumber Co. 143 La. 207, where an employee was killed whilst he went into a framed building on the premises to take refuge from the rain and was

killed by an electric current, the Court held that the exception of no cause of action because there was no allegation that the death was by accident arising out of and in the course of the employment, there the court did not consider whether or not going into another building would break break the employment; the decision was on the question growing out of the right of a cause of action and the court held that no cause of action was set out under the act unless there was the essential allegation that the injured party was there in the course of his employment and while performing his duties as such.

Also see the case of Northwestern Iron Co. vs. Industrial Commission, 160 Wis. p. 633, where the Court held that "to protect himself from undue and unnecessary exposure to the cold was a duty he owed his master as well as himself and it does not follow that he left his master's employment because he negligently allowed a standing car to run into him while he was washing himself."

To this same effect is the case of Moore vs. Lehigh Valley Railroad 155 N. Y. Supp. p. 630.

In the case of Bzipsowha vs. Superior Steel Co. 259th Pa. p. 578.

In the Sundines case, 218 Mass. page 1, also reported in the 105th Northeastern 433, it was held that "an employee employed in a shop does not go outside of her employment merely because she leaves the shop for lunch and that a temporary absence did not suspend the employment and the injury sustained during such time arose out of and in the course of her employment." *See also 145 La 6 146 N. W. 895.*

For the reasons assigned it is ordered, adjudged and decreed that the judgment of the Court aquo be and the same is hereby affirmed, with costs of both courts to be paid by the defendant.

Judgment affirmed.